IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO

11-09120 CA 03

LUTGARDO PRINCIPE,

Plaintiffs,
vs

AMERICAN SECURITY
INSURANCE COMPANY

Defendant
_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA
To Each Sheriff of Said State

    *YOU ARE HEREBY COMMANDED* to serve this Summons, copy of the Complaint, Request for Production, and Interrogatories to Defendant

By serving
    AMERICAN SECURITY INSURANCE COMPANY
    FLORIDA DEPARTMENT OF FINANCIAL SERVICES
    SERVICE OF PROCESS SECTION
    P O BOX 6200
    TALLAHASSEE, FL 32314-6200

Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorneys, to wit

JUSTIN CERNITZ, ESQ
CERNITZ LAW FIRM, P A
17100 Collins Avenue, T-217
Sunny Isles Beach, FL 33160
786-431-2910
866-473-2260(f)



within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorneys or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED **MAR 2 4 2011** , 20___

, As Clerk of said Court

BY **ANNACLETTE HODGE**
As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have **20 calendar days** after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your written response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the person named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene **veinte (20) días**, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

**AVISO**: La regla 12.285, de las reglas de procedimiento del derecho de la familia del estado de la Florida exige que se entreguen ciertos datos y documentos a la parte adversa. So Ud. no cumple con estos requisitos, se le podrán aplicar sanciones, las cuales pueden dar lugar al rechazo o a la desestimación de sus escritos.

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

CASE NO  11-09120 CA 03

LUTGARDO PRINCIPE,

Plaintiff,

vs

AMERICAN SECURITY
INSURANCE COMPANY,

Defendant
_____/

ORIGINAL FILED
ON MAR 2 4 2011
IN THE OFFICE OF
CIRCUIT COURT DADE CO
CIVIL DIVISION

## COMPLAINT FOR DAMAGES

Plaintiff, LUTGARDO PRINCIPE sues the Defendant, AMERICAN SECURITY INSURANCE COMPANY, a Florida insurance company (hereinafter 'the Insurance Company"), and state

1  This is an action for damages in excess of Fifteen Thousand ($15,000 00) Dollars, exclusive of interest, costs and attorneys' fees

2  At all times material hereto, the Plaintiff, PRINCIPE, is a resident of Miami-Dade County, Florida

3  At all times material hereto, the Defendant, AMERICAN SECURITY INSURANCE COMPANY was and is an Florida insurance company, licensed to do and doing insurance business in MIAMI DADE COUNTY, Florida

4  The parties entered into an insurance contract and policy, bearing policy number ALR353945400 (hereinafter "the Policy"), with effective dates of coverage 3/24/2010 thru 3/24/2011  The Policy provided coverage to Plaintiff' dwelling located at 9981 SW 40th Terrace, Miami, Florida 33165  A copy of the Policy is attached as **Exhibit "A,"** Defendant's Declaration Pages and several

pages of the policy terms and conditions

5. In addition, all insurance policies, including the subject policy, incorporate therein as a matter of law, all Florida Statutes, including but not limited to, Fla Stat §627 428 for attorney's fees and Fla Stat §626 878 on Adjuster's Code of Ethics

6. On or about July 26, 2010, Plaintiff suffered a extensive damage and/or constructive total loss to the property as a result of a fire at the Plaintiff' residence- located at 9981 SW 40th Terrace, Miami, FL 33165

7. Plaintiff timely and appropriately reported the claim to the Insurance Company

8. The loss and damages suffered by Plaintiff was due to a covered peril under the Policy with the Insurance Company

9. The Insurance Company acknowledged the claim, which is the subject of this action, and assigned it claim number 00200419727

10. The Insurance Company accepted coverage for the loss and claim, but grossly undervalued the damages to the property

11. The Insurance Company's agreement on damages (although woefully inadequate) in an unagreed amount, waived any applicable policy conditions precedent to payment or suit

12. The Insurance Company failed to fully indemnify Plaintiff for the loss and damages at issue

13. As a result of the Insurance Company's failure to fully indemnify Plaintiff for the loss and damages, the Plaintiff obtained a damage estimate on their behalf

14. The Plaintiff have performed all conditions precedent to recovery under the Policy and to the bringing of the instant action, or said conditions have been waived or excused by the Insurance Company's actions and/or inactions

## COUNT I
## BREACH OF CONTRACT

The Plaintiff readopt and reallege Paragraphs 1 through 14 above, as if fully set forth herein, and further state

15   Despite the clear obligation to pay the Plaintiff for their entire loss, the Insurance Company has still not paid Plaintiff for the loss covered under the Policy, and has failed and refused to make said payments and thus, the Insurance Company is in breach of the Policy

16   The Policy provides that the Insurance Company will "adjust all losses" with the insureds   This is a specific contractual term and requirement of the Insurance Company   The Insurance Company failed to do so, breaching the Policy   The Insurance Company also breached the Policy by violation of Fla Stat §626 878, in that it did not fully and properly adjust the loss with the Plaintiff Furthermore, the insurance company is in violation of Fla Statutes, 627 702

17   The Insurance Company's failure to indemnify Plaintiff for the covered loss, resulted from an insufficient scope of loss/estimate prepared on the Insurance Company's behalf   Consequently   Plaintiff was obligated to obtain an evaluation/estimate of the damages that reflected the true extent of the damages sustained

18   There was a significant disparity between the damages estimated by the Insurance Company and the damages estimated on Plaintiff' behalf   As a result of the differences/disagreement in the evaluation of the damages, as the insurance company has breached its policy by failing to declare the property as a total loss after the fire loss

19   The Insurance Company breached the Policy by failing to indemnify the insured for the loss   Plaintiff had no choice but to hire counsel in order to pursue the underpayment by the insurance company

20   The Insurance Company s actions, as stated above, constituted a denial of

coverage and a denial of the claim

21   The Plaintiff has been damaged monetarily in regard to the loss and damages to the insured premises and property by failure of the Insurance Company to comply with its contractual obligations

22   Furthermore, the Insurance Company's delays in adjustment and payment have caused additional damages, such as failing to indemnify for debris removal under the policy

23   Due to the Insurance Company's conduct, Plaintiff have been obligated to retain undersigned counsel to bring this action and, pursuant to Florida Statute §627 428 and others, undersigned counsel is entitled to an attorney's fee in this matter to be paid by the Insurance Company

WHEREFORE, Plaintiff pray for damages for the amount of their loss herein against the Insurance Company, and for attorney's fees, costs, and prejudgment interest

## COUNT II
## BREACH OF IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

Plaintiff readopt and reallege paragraphs 1 through 14 above, as if fully set forth herein, and further state

24   This common law cause of action arises out of the Insurance Company's actions, as set forth in the General Allegations and during its various breaches of express terms of the contract, including, but not limited to

a   Failing to properly investigate and adjust Plaintiff claim by unreasonably delaying, undervaluing and/or acknowledging all or portions of Plaintiff claim,

b   Misrepresenting that Plaintiff needed to submit many categories of documents, and submit to an examination under oath, and after irrevocable waivers of the same were made,

c   Failing to name make any additional payments to properly indemnify Plaintiff for the loss, and,

d   Failing to properly declare the property a total loss due to the fire of 7/26/10

e   Failing to properly indemnify Plaintiff under the current valued policy law, Florida Statutes, 627 702

f   Failing to properly indemnify Plaintiff for debris removal to the property

25   At all material times, the Insurance Company provided insurance coverage to Plaintiff in exchange for a premium

26   The insurance policy set forth the rights and obligations of the Insurance Company to Plaintiff with respect to Plaintiff' claim, but the Insurance Company had certain discretionary authority in the manner in which it investigated, adjusted, settled and paid the claim, provided it did so in good faith and dealt fairly with its insureds, Plaintiff

27   There is also an implied covenant of good faith and fair dealing contained as a material part the Insurance Company's policy with Plaintiff

28   Pursuant to the terms and conditions of the insurance policy, Plaintiff have a right to coverage of its dwelling for damages and losses sustained and for any resulting damages incurred   Plaintiff also has the contractual right to a fair and prompt investigation, adjustment, settlement and payment of their claim

29   Under the terms and conditions of the insurance contract, the Insurance Company has discretionary authority in the manner in which it investigates, adjusts, settles and pays claim, therefore, a failure by the Insurance Company to perform its discretionary functions in good faith constitute breaches of the covenant of good faith and fair dealing

30   As a result of the damages and losses sustained by Plaintiff from July 26, 2010 through the present, as fully described in the General Allegations and the preceding count, the Insurance Company materially breached its covenant of good

faith and fair dealing by, including, but not limited to, the following acts

a.    Failing to properly investigate, adjust, settle and pay Plaintiff' claim;

b.    Delaying the proper investigation and adjustment of Plaintiff' claim;

c.    Misrepresenting that certain conditions was required of Plaintiff after waiving same

31.   By its actions as stated in the General Allegations, the preceding count and the preceding paragraphs of this count, the Insurance Company further breached its covenant of good faith and fair dealing in the insurance policy through its violations of the Florida Statutes, including ethical requirements set forth in Fla. Stat. §626.878, which are incorporated into the insurance contract as expressly stated provisions as a matter of law.

32.   As a direct and proximate result of the Insurance Company's material breaches of its implied covenant of good faith and fair dealing, Plaintiff suffered damages, including delay damages that has increased the insureds' losses.

33.   Due to the Insurance Company's conduct, Plaintiff have been obligated to retain undersigned counsel to bring this action and, pursuant to Fla. Stat. § 627.428 and others, Plaintiff are entitled to a reasonable attorneys' fee in this matter to be paid by the Insurance Company.

WHEREFORE, Plaintiff demand entry of a judgment against Defendant for its damages as pled herein, plus interest, attorney's fees, costs, and such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

35. Plaintiff hereby demands a trial by jury of all issues so triable as a matter of right

DATED THIS 24 day of March 2011

                                          CERNITZ LAW FIRM, P.A.
                                          17100 Collins Avenue, Suite 217
                                          Sunny Isles Beach, FL 33160
                                          Telephone (786)431-2910

                                          By _____
                                                 JUSTIN P. CERNITZ
                                                 Florida Bar No. 14216

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO

LUTGARDO PRINCIPE,  Fla Bar No  14216

Plaintiffs,

vs

AMERICAN SECURITY
INSURANCE COMPANY,

Defendant
_____/

**ORIGINAL FILED
ON MAR 2 4 2011
IN THE OFFICE OF
CIRCUIT COURT DADE CO
CIVIL DIVISION**

**11-09120 CA 03**

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff, LUTGARDO PRINCIPE, pursuant to Rule 1 350, Fla R Civ P, file their First Request for Production to Defendant, (hereinafter "the Insurance Company"), and requests the Insurance Company produce for inspection and copying, in the offices of Cernitz Law Firm, P A, pursuant to the applicable Rules of Civil Procedure, the following   See attached

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing First Request for Production was served on the Defendant along with the Summons and Complaint

CERNITZ LAW FIRM, P A
Attorneys for Plaintiffs
17100 Collins Avenue, Suite 217
Sunny Isles Beach, FL 33160
Telephone (786)431-2910

By _____
   Justin P Cernitz



## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT

1. A true and correct copy of any and all statements, whether written, oral or recorded, in whatever fashion, taken of the Plaintiffs in regard to the subject matter of this litigation

2. A true and correct copy of any and all statements, whether written, oral or recorded in whatever fashion, taken of all independent witnesses or other persons by the Insurance Company with regard to the subject matter of this lawsuit

3. A list and/or documents showing the names, addresses, employers and telephone numbers of any and all witnesses in this matter, indicating their full legal name, resident addresses and telephone numbers in regard to the subject matter of this litiga-tion and any statement of those witnesses

4. A true certified copy of the applicable insurance policy issued to Plaintiffs by the Insurance Company-, including any and all endorse-ments and amendments in effect on the date of this loss

5. Any and all memoranda, notes, correspondence and any and all other documents or tangible things which, in any way, show or purport to show any communications between the Insurance Company, and the Insurance Company's servants and/or employees on the one hand, and the Plaintiffs and/or attorneys on the other hand concerning the subject matter of this litigation

6. Any and all photographs or video within the possession, custody and control of the Insurance Company, its agents or employees, concerning the subject matter of this litigation  As grounds for this paragraph the Plaintiffs would state that they cannot without undue hardship, obtain a substantial equivalent of these photo-graphs

7. Any and all documents of whatever nature and kind submitted by the Plaintiffs to the Insurance Company, its agents, servants, and/or employees in regard to the subject loss

8. The entire claim file in this matter including any table of contents or summaries thereof

9. The entire claim file in this matter, including any table of contents or summaries thereof, excluding documents which were prepared in anticipation of litigation, or which encompass the attorney/client privilege and/or work product privilege

10. The entire underwriting file with regard to the Plaintiffs' dwelling at issue

11   Copies of any and all documents by and between the Insurance Company and its investigators, insurance adjusters and appraisers relating to the subject matter of the Plaintiffs' Complaint which was not prepared in the anticipation of litigation

12   Any and all consultant/expert reports, including but not limited to reports regarding cause and origin, estimates for repair and/or replace-ment, damage to Plaintiffs' premises, and/or any other subject matter concerning this litiga-tion prepared by any experts who will be utilized at the time of trial on behalf of the Insurance Company

13   A copy of any photographs, videotape or film in the possession of the Insurance Company, its agents, employees or attorneys, which depict the Plaintiffs' premises, or other insured property

14   Any and all diagrams or sketches depicting the Plaintiffs' premises at issue

15   All estimates and/or reports of inspections of Plaintiffs' premises, other structures, or personal property, done at any time including prior to insuring same and before and after the subject loss

16   A copy of any reports relating to any issue in this lawsuit which have been prepared by experts

17   Copies of any and all photographs, recordings, charts, graphs, sketches and any other tangible items or documentary evidence which you intend to use for the defense of this matter or during the trial of this cause and which have not been produced in response to any of the preceding paragraphs of this Request for Production

18   Any and all documentation or other tangible evidence which supports any allegations that Plaintiffs/your insureds are not entitled to the damages being claimed

19   A copy of any and all reports by any professional engineer, general contractor, plumber, electrician, roofer, or other construction industry person hired by the Insurance Company to examine and/or evaluate any of the claims asserted by the Plaintiffs

20   Copies of any and all correspondence to the Plaintiffs from the Insurance Company relative to any of the claims asserted by the Plaintiffs

21. Copies of any and all checks from the Insurance Company to the Plaintiffs for any claims asserted in this lawsuit and/or in payment of Plaintiffs' subject claim

22. Any and all documentation of any kind or nature relative to any and all subsequent losses, including, but not limited to any and all recorded statements for each date of loss, copies of estimates, checks and/or drafts, correspondence sent to the insured and/or any of its representatives, agents, public adjusters, etc relative to the above

23. Any and all documentation of any kind or nature to support your denial or failure to indemnify Plaintiffs for the subject claim

24. All pre-insurance, underwriting or pre-loss inspection reports or evaluations of Plaintiffs' premises, by the Insurance Company or any agent, representative, or any third party

25. Any and all documentation or other tangible evidence which supports any allegations that the Plaintiffs/insureds have not complied with any and all insurance policy provisions and conditions

26. Any and all documents of any kind or nature to support your refusal to submit this matter to appraisal when demanded

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO

11-09120 CA 03

LUTGARDO PRINCIPE,

Plaintiff,

vs

AMERICAN SECURITY
INSURANCE COMPANY,

Defendant
_____/

ORIG

ON MAR 24 2011

IN THE OFFICE OF
CIRCUIT COURT DADE CO
CIVIL DIVISION

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, propounds the attached First Set of Interrogatories, to the Defendant, AMERICAN SECURITY INSURANCE COMPANY (hereinafter "the Insurance Company"), to be answered in writing, under oath, pursuant to the applicable rules of Civil Procedure

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing Interrogatories was served on the Defendant along with the Summons and Complaint

CERNITZ LAW FIRM, P A
Attorneys for Plaintiff
17100 Collins Ave, T-217
Sunny Isles Beach, FL 33160
786 431 2910

By _____
JUSTIN P CERNITZ
Florida Bar No 14216

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

1   Please state the full name, occupation/title, present residence and business address of the person answering these interrogatories and anyone who assisted in answering same

2   Please describe with detail and specificity all facts and circumstances giving rise to each of the Insurance Company's defense(s) and any affirmative defense(s) raised in this matter

3   Please explain with detail and specificity the basis in the insurance policy in relation to the facts for the Insurance Company's failure to fully indemnify the Plaintiff for the loss at issue

4   Please describe the licensing, experience, training and educational background of each person who investigated evaluated, managed and reviewed or otherwise handled Plaintiff's claim, or rendered any written or oral report regarding the claim

6       Please state the name, professional and home address of each person who may or is expected by you, your attorney or any representative of yours, to testify as an expert witness during trial in this matter

     A       Please list each expert's profession and occupation and the specialty field in which is alleged an expert

     B       Please state all qualifications of the subject expert which enables them to render an opinion in this cause

     C       Please state the subject matter upon which each expert is expected to testify

     D       Please list any and all opinions the expert has in regard to the subject matter of this litigation outlining each fact or facts determined, the substance of the facts relied upon, summary of grounds of each opinion

7       Please list the names and addresses of all persons who are believed or known by you, your agents or attorneys, to have any knowledge concerning any of the issues raised by the pleadings and all facts pertaining to the loss, claim, investigation, evaluation and coverage decision on the claim, and specify the subject matter about which the witness has knowledge and provide the person s employer, all phone numbers and other contact information

8      Please list each and every witness whose statements have been taken pertaining to any issue raised by the Complaint filed herein, indicating their full legal name, resident addresses and telephone numbers in regard to the subject matter of this litigation

9      If anyone from the Insurance Company or anyone on its behalf who assisted with the handling, adjusting, investigation, evaluation and decision making of the claim is no longer employed at the Insurance Company and/or the entity in which they were employed at the time of the loss and claim, please provide the last known address for each individual listed

By _____

Name _____

Title _____

STATE OF FLORIDA    )
                    ) SS
COUNTY OF           )

The foregoing instrument was acknowledged before me this _____ day of _____, 2010, by _____, who is personally known to me or who has produced _____, as identification and who did (did not) take an oath

_____
NOTARY PUBLIC

_____